UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTWAN MARQUIS MANNING #19023-075, | ) ) ) | |
| Movant, | ) ) ) | |
| v. | ) ) | No. 3:11-cv-01014 Senior Judge Nixon |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM

On October 24, 2011, Antwan Marquis Manning, a federal prisoner housed at the Federal Correctional Institute in Manchester, Kentucky,[1] filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct an allegedly illegal sentence imposed by this court on November 9, 2010. (Docket No. 1).

### I.  Procedural Background

On November 12, 2008, a federal grand jury in the Middle District of Tennessee charged Manning in a two-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count One) and possession of cocaine with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Two). (Docket No. 1 in Case No. 3:08-cr-00247). On August 23, 2010, Manning entered a guilty plea to Count One of the indictment pursuant to a written plea agreement. (Docket No. 43 in Case No. 3:08-cr-00247).

---

[1] According to the Federal Bureau of Prison's inmate locator service, Manning was transferred from the United States Penitentiary in Terre Haute, Indiana, to the Federal Correctional Institute in Manchester, Kentucky, at some time after he initiated this action. See www.bop.gov/inmateloc. Manning's new address is FCI-Manchester, 805 Fox Hollow Road, Manchester, Kentucky 40962.

1

On November 9, 2010, the court sentenced Manning to a term of 120 months imprisonment to be followed by three years of supervised release. (Docket No. 50 in Case No. 3:08-cr-00247). He did not file a direct appeal.

## II. The Instant Motion

On October 24, 2011, Manning filed the instant *pro se* motion to vacate, set aside, or correct his sentence. (Docket No. 1). His motion presents one ground for relief: that his attorney [2] provided ineffective assistance of counsel by failing to object to Manning's designation as a convicted felon. Manning names the United States of America as the respondent. (Docket No. 1).

Upon receipt of the motion, pursuant to Rule 4, Rules– Section 2255 Proceedings, the court conducted a preliminary examination of the motion and determined that it was not readily apparent on the face of the motion that Manning is not entitled to relief. (Docket No. 2). Accordingly, the court entered an order on October 26, 2011, directing the respondent to answer or otherwise respond to the motion. (*Id.*) The respondent has filed a response urging the court to deny the motion and dismiss the action. (Docket No. 14).

On November 14, 2011, Manning filed a *pro se* emergency motion for leave to amend his motion to vacate, set aside, or correct his sentence. (Docket No. 6). By order entered on November 17, 2011, the court denied the motion, finding that Manning's motion was too vague on which to grant relief. (Docket No. 7). On December 19, 2011, Manning filed a second *pro se* emergency motion to amend his motion to vacate, set aside, or correct his sentence. (Docket No. 15). By order entered on March 26, 2012, the court denied the second emergency motion to amend, finding that

---

[2] Manning was represented by Dumaka Shabazz. (Docket No. 1 at p. 10).

2

Manning's proposed amended claim[3] would not be timely. (Docket No. 19).

Having carefully considered the record, the court concludes that an evidentiary hearing is not needed. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). Consequently, the court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules– § 2255 Cases.

### III.  Standard for Reviewing § 2255 Motions

Section 2255 provides federal prisoners with a statutory mechanism by which they can have their sentences vacated, set aside, or corrected. A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion, a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Grifin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United* States, 165

---

[3] Manning sought to amend the original § 2255 motion to add an ineffective assistance of counsel claim based on counsel's alleged failure to file a timely appeal of his conviction and sentence. (Docket No. 19 at p. 1).

3

F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under § 2255. In addition, where the same judge considering the § 2255 motion also presided over the underlying criminal proceedings the judge may rely on his or her own recollection of those proceedings. *Blackledge v. Allison*, 431 U.S. 63 (1977); *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013).

Here, Manning asserts that he is entitled to relief pursuant to § 2255 because his attorney failed to provide him with effective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees the right of a person accused of a crime to the effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a movant must show (1) deficient performance of counsel and (2) prejudice to the defendant. *See Bell v. Cone*, 535 U.S. 685, 694-95 (2002). Trial counsel's performance is deficient when it falls below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984); *Combs v. Coyle*, 205 F.3d 269, 278 (6th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). In assessing performance, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. Reasonable attorneys may disagree on the appropriate strategy for defending a client. *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004).

The prejudice element requires a movant to show "that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In the context of a guilty plea, to satisfy the second *Strickland* prong, a movant must show that, but for counsel's alleged errors, he would not have pleaded guilty but would have insisted upon going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Miller v. Straub*, 299 F.3d 570, 578 (6th Cir. 2002). A movant cannot "satisfy the prejudice prong in the absence of any statement that he is actually innocent, or would have gone to trial if his attorney's performance had been different." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998) check.

A court hearing an ineffective assistance of counsel claim must consider the totality of the evidence. *Strickland*, 466 U.S. at 695. "The determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996)(quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992)(*en banc*)). "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689.

### IV.  Analysis of Manning's Ineffective Assistance of Counsel Claim

Here, Manning entered a guilty plea to Count One of the indictment, being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. In his § 2255 motion, he does not claim that he is innocent of the crime charged or that he would have gone to trial had his attorney made different decisions. Neither does he attack his counsel as ineffective based on

5

Manning's decision to enter a plea of guilty. Instead, Manning's ineffective assistance of counsel claim is based on his argument that the indictment charging him with being a felon in possession of a firearm was null and void because the underlying state felony offenses had not been properly adjudicated, thus depriving this court of jurisdiction. (Docket No. 1 at p. 14).

Manning's plea agreement sets forth the details of his three felony cocaine convictions. (Docket No. 43 at p. 11 in Case No. 3:08-cr-00247).[4] Additionally, the Presentence Investigation Report (PSIR) prepared in Manning's underlying criminal case lists those same three felony convictions, all of which involved the possession or attempted possession of cocaine with the intent to distribute, and all of which were adjudicated in Davidson County Criminal Court in Nashville, Tennessee, prior to Manning's arrest for the federal firearms offense. (PSR ¶¶ 31, 36, and 39 in Case No. 3:08-cr-00247). Manning entered separate guilty pleas as to each of the three felony convictions. (*Id.*) Through his attorney, in his Sentencing Position brief, Manning stated that he had no objections or corrections to the PSR. (Docket No. 48 in Case No. 3:08-cr-00247).

In *Custis v. United States*, 511 U.S. 485, 496-97 (1994), the Supreme Court held that, with the sole exception of convictions obtained in violation of the right to counsel, a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of previous state convictions that are used to enhance his sentence. In *Daniels v. United States*, 532 U.S. 374, 382

---

[4] According to his plea agreement, at the time he possessed the firearm, Manning was a convicted felon with multiple convictions for crimes punishable by a term of imprisonment exceeding one year: (1) in 2006, in the Criminal Court of Davidson County (Case No. 2006-A-479), Manning was convicted of Possession with Intent to Distribute under .5 grams of Schedule III substance, a Class D felony, and received a sentence of 3 years imprisonment; (2) in 2006, in the Criminal Court of Davidson County (Case No. 2005-C-2562), Manning was convicted of Attempted Possession of under .5 grams of Cocaine with Intent to Distribute, a Class D felony, and received a sentence of 2 years imprisonment; and (3) in 2003, in the Criminal Court of Davidson County (Case No. 2003-I-1026), Manning was convicted Sale of under .5 grams of Cocaine, a Class C felony, and received a sentence of 3 years imprisonment, suspended to 3 years of probation. (Docket No. 43 at p. 11 in Case No. 3:08-cr-00247).

(2001), the Supreme Court further held that a defendant in a federal sentencing proceeding cannot use a § 2255 motion to collaterally attack prior convictions that are used to enhance his sentence. *See also Steverson v. Summers,* 258 F.3d 520 (6th Cir. 2001)(holding that prisoner could not use a § 2255 motion to challenge the constitutionality of his prior state convictions by facially attacking his current federal sentence).

Here, Manning does not claim that he lacked the assistance of counsel when he entered guilty pleas in his state cases. Therefore, Manning's claim that his state felony convictions should not have been used to charge him as a felon in possession of a firearm cannot survive under *Custis, Daniels,* and their progeny. As a result, Manning is not entitled to relief under § 2255 on this ground.

## V.     Certificate of Appealability

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Because Manning has not made a substantial showing of a constitutional right, a certificate of appealability will not issue with respect to his ineffective assistance of counsel claim.

## VI.    Conclusion

Based on the record of Manning's underlying conviction, and the entire record in this case, and for the reasons set forth herein, the court concludes that the movant's motion to vacate should be denied, and this action should be dismissed.

7

A Certificate of Appealability will not issue as to Manning's sole claim. Because an appeal from the judgment of the court would not be taken in good faith, Manning will not be certified to appeal the judgment of the court *in forma pauperis*.

An appropriate order will be entered.

_____
John T. Nixon
Senior United States District Judge